UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| BRIAN WUOTI; KAITLYN WUOTI; MICHAEL GANTT; and REBECCA GANTT, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CHRISTOPHER WINTERS, in his official capacity as Commissioner of the Vermont Department for Children and Families, ARYKA RADKE, in her official capacity as Deputy Commissioner of the Family Services Division, and STACEY EDMUNDS, in her official capacity as Director of Residential Licensing and Special Investigations, | ) ) ) ) ) ) ) ) ) ) ) | No. 2:24-cv-00614-wks |
| Defendants. | ) | |

| | | |
|---|---|---|
| MELINDA ANTONUCCI, CASEY MATHIEU, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CHRISTOHER WINTERS, in his personal and official capacity as Commissioner of the Vermont Department for Children and Families; ARYKA RADKE, in her personal and official capacity as Deputy Commissioner, Vermont Department for Children and Families, Family Services Division; STACEY EDMUNDS, in her personal and official capacity as Director, Residential Licensing & Special Investigations, Vermont Department for Children and Families; and PAULA CATHERINE, in her personal and official capacity as a Licensing Officer, Residential Licensing & Special Investigations, Vermont Department for Children and Families; Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:24-cv-00783-wks |

## DEFENDANTS' MOTION TO CONSOLIDATE
## RELATED CASES PURSUANT TO F.R.C.P. 42(a)

Defendants move pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42 to consolidate two related cases pending before this Court: *Wuoti et al. v. Winters et al.*, No. 2:24-cv-00614-wks (D. Vt. filed June 4, 2024) ("*Wuoti*"), and *Antonucci, et al. v. Winters, et al.*, Case No. 2:24-cv-0783-wks (D. Vt. filed July 17, 2024 ("*Antonucci*"). These two related cases were filed close in time together, are in parallel procedural postures, present nearly identical questions of law regarding Vermont's foster care licensing system, share similar underlying facts, and will likely involve much the same discovery. Therefore, considerations of judicial economy and efficiency strongly favor consolidation.

### LOCAL RULE 7(a)(7) CERTIFICATE

Defendants' counsel has contacted counsel for plaintiffs in both the *Wuoti* and *Antonucci* matters to seek their consent to consolidation of the cases. Both sets of Plaintiffs oppose consolidation.  However, both sets of Plaintiffs have taken the position that they would not object to coordinating the discovery schedules for the two cases. The defendants and the *Wuoti* plaintiffs have agreed on a proposed discovery stipulation. As of this filing, the *Antonucci* plaintiffs have not yet weighed in on that stipulation. If the parties can reach agreement, the Defendants will file the proposed stipulation in both cases.

### MEMORANDUM OF LAW

**I.      Standard of Review**

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (citations omitted). "The trial court has broad discretion to determine whether consolidation is appropriate. . . . In the

exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Id.* at 1284–85 (citations omitted).

When exercising its discretion, the court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 1285 (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985)). "Actions that involve the same parties are apt candidates for consolidation. Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson v. D.C.*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citing 9 Fed. Prac. & Proc. Civ. 3D § 2384; *Davis v. Buffalo Psychiatric Ctr.*, 1988 WL 47355, at *1 (W.D.N.Y. May 10, 1988)) (internal citation omitted).

Claims and defendants need not be identical for two actions to be consolidated, "so long as 'the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.'" *Peters on Behalf of Eastman Kodak Co. v. Continenza*, 2022 WL 167540, *4 (W.D.N.Y. 2022) (quoting *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009)). Applying this standard, this Court should exercise its discretion to consolidate these two closely related cases.

II.   **Argument**

    A.   **The cases share common questions of law.**

The threshold question in assessing whether consolidation is appropriate is whether the two actions before the court "involve a common question of law or fact." F.R.C.P. 42(a). Here, the two cases involve sufficient common questions of law and fact to warrant consolidation.

3

The cases involve common questions of law. The actions name as defendants essentially the same set of state officials. *Compare Wuoti*, ECF Doc No. 1 ("*Wuoti* Complaint") *with Antonucci*, ECF Doc. No. 1 ("*Antonucci* Complaint"). Both actions assert claims based on the Free Exercise and Free Speech Clauses of the First Amendment and on the Fourteenth Amendment. *Wuoti* Complaint at 36–40; *Antonucci* Complaint at 20–25. And those claims all challenge Vermont's foster care licensing requirements and the State's Policy on Supporting and Affirming LGBTQ Children & Youth, Policy 76. Both sets of Plaintiffs allege that they have been discriminated against based on their deeply held Christian religious beliefs regarding biblical notions of sex and gender. *See Wuoti* Complaint at 12–13, 19–21; *Antonucci* Complaint at 10–12.

Moreover, the cases are in similar procedural posture: both sets of plaintiffs have filed motions for preliminary injunctive relief. *See Wuoti*, ECF Doc. No. 17; *Antonucci*, ECF Doc. No. 2-1. Temporally, *Antonucci* is slightly behind *Wuoti*, because the *Antonucci* plaintiffs have not yet replied in support of their motion for preliminary injunction, but as of September 25, the two cases will be in largely identical[1] procedural postures. *See Antonucci*, ECF Doc. No. 34 (extending *Antonucci* plaintiffs' deadline for filing a reply in support of their Motion for Preliminary Injunction to September 25). A discovery schedule has not been adopted in either case. *Contra Ekpe v. City of N.Y.*, 2021 WL 5999204, *3 (S.D.N.Y. Dec. 20, 2021) (noting Second Circuit precedent that consolidation does not achieve the aims of judicial efficiency where cases are in different stages of discovery). And finally, the *Antonucci* plaintiffs, at least, have acknowledged that the *Wuoti* and *Anotnucci* cases are related and raise the same issues. *Antonucci* Complaint at 18; *see also Antonucci*, ECF Doc. No. 1-1 (civil cover sheet identifying *Wuoti* as a related case).

---

[1] Defendants have moved to dismiss some of the claims raised in the *Antonucci* case, which unlike the *Wouti* case, purports to raise individual-capacity claims against the defendants as well.

4

### B. The cases present common questions of fact.

The cases also involve common questions of fact. In both cases, plaintiffs allege they are Christian foster care licensees whose licenses were revoked by state officials following discussions of their beliefs regarding sex and gender. *Wuoti* Complaint at 24–27, 28–32; *Antonucci* Complaint at 16–19. The cases will present common questions of fact regarding the State's foster care licensing process. *See Wuoti* Complaint at 24–27, 28–32; *Antonucci* Complaint at 16–19. Insofar as both cases challenge the State's Foster Care Licensing Rules on First Amendment grounds, *see Wuoti* Mot. Prel. Inj. [ECF Doc. No. 17] at 11, 13; *Antonucci* Mot. Prel. Inj., [ECF Doc. No. 2-1] at 14, the cases may present common questions of fact regarding the State's compelling interest in safeguarding LGBTQ foster children, the State's methods of doing so, and the practical realities and limitations involved. *Compare Wuoti* Def. Opp. to Pls.' Mot. for Prelim. Inj. [ECF Doc. No. 26] at 2–14 *with Antonucci* Def. Opp. to Pls.' Mot. for Prelim. Inj., [ECF Doc. No. 29] at 2–17.

### C. Consolidation promotes judicial economy and minimizes unnecessary burdens on Defendants.

The primary function of consolidation is to avoid waste of resources – both the Court's and the parties' – by not litigating and deciding two lawsuits when the same result could be achieved through a single consolidated lawsuit. *See Romeo v. Suffolk Ready Mix, LLC*, No. 09-CV-2253, 2010 WL 3925260, at *2 (E.D.N.Y. Sept. 23, 2010) ("The paramount concern [in consolidation] is whether savings of expense and gains of efficiency can be accomplished without sacrificing justice."); *accord Ekpe*, 2021 WL 5999204, at * 3. The D.C. District Court's decision in *Hanson* is illustrative. There, the court ordered consolidation of two Second Amendment challenges to D.C.'s rule prohibiting the manufacture or sale of certain handguns, brought by different plaintiffs and alleging slightly different legal causes of action. *See Hanson*, 257 F.R.D. at 21–22. The court found

5

compelling that "[t]he two actions proposed for consolidation share the same defendant; in addition, the plaintiffs in both actions, though not the same, are all residents of the District of Columbia who seek to possess firearms." *Id.* at 22 (cleaned up). "Moreover, both actions present an identical question of law, namely, the constitutionality of the District's adoption of the California Roster. Thus, consolidation would save time and effort for the court and for the defendants by resolving this issue in one proceeding rather than two." *Id.*

The same is true here. If these actions are not consolidated, there is a greater likelihood that Defendants will need to respond to duplicative discovery, and the Court could potentially need to address duplicative discovery motions. Without consolidation, critical witnesses, all or the majority of which are State employees, would need to sit for multiple depositions covering the same facts regarding the development and implementation of the Department's LGBTQ youth protection policies.[2] And it makes sense, given the nearly identical legal challenges to the state policies at issue, for the court to consider substantive arguments in the two cases together, on the same schedule.

### D. There is no risk of prejudice or confusion to plaintiffs.

There is no apparent risk of prejudice or confusion from consolidation to plaintiffs in *Wuoti* or *Antonucci*. As discussed above, both cases challenge essentially the same set of policies and come to the court at essentially the same procedural posture. If anything, Plaintiffs are likely to benefit as much as defendants and the Court from the efficiency to be gained by consolidating these cases into the same docket and managing them together as they proceed.

---

[2] In the qualified immunity context, for example, courts frequently note the potentially disruptive impact of discovery on the orderly performance of government officials' duties. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 685 ("Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the Government."). Doubling that disruptive impact can be avoided through consolidation.

**Conclusion**

Accordingly, consistent with the foregoing, Defendants respectfully request the Court consolidate these pending matters into a single docket.

Dated at Montpelier, Vermont this 24th day of September, 2024

                                STATE OF VERMONT

                                CHARITY R. CLARK
                                ATTORNEY GENERAL

By:    */s/ Jonathan Rose*
            Jonathan Rose
            Ryan Kane
            Patrick Gaudet
            *Assistant Attorneys General*
            Office of the Attorney General
            109 State Street
            Montpelier, VT 05609
            (802) 793-1646
            jonathan.rose@vermont.gov
            ryan.kane@vermont.gov
            patrick.gaudet@vermont.gov

            Counsel for Defendants