UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BRIAN WUOTI; KAITLYN WUOTI; )
MICHAEL GANTT; and REBECCA )
GANTT, )
 )
    Plaintiffs, )
 )
        v. )   Case No. 2:24-cv-614
 )
CHRISTOPHER WINTERS, in his )
official capacity as )
Commissioner of the Vermont )
Department for Children and )
Families, ARYKA RADKE in her )
Official capacity as Deputy )
Commissioner of the Family )
Services Division, and )
STACEY EDMUNDS, in her )
official capacity as Director )
of Residential Licensing and )
Special Investigations, )
 )
    Defendants. )

## OPINION AND ORDER

Plaintiffs Brian Wuoti, Kaitlyn Wuoti, Michael Gantt and Rebecca Gantt ("Plaintiffs") bring this action claiming violations of their constitutional rights when Defendants, acting on behalf of the Vermont Department for Children and Families ("DCF"), declined to renew their licenses to serve as foster parents. The case centers on Plaintiffs' objections to certain DCF policies relating to the care of LGBTQ+ foster children. Plaintiffs submit that those policies are inconsistent with their Christian beliefs, and that denying them

foster care licenses based on their objections was unlawful. Pending before the Court is Defendants' motion to consolidate this case with a similar lawsuit involving different plaintiffs. For the reasons set forth below, the motion to consolidate the two cases is denied.

## Factual Background

In the course of applying for foster care license renewal, Brian and Kaitlyn Wuoti allegedly informed DCF that they could not encourage a foster child to pursue same-sex romantic behavior or to transition to the opposite gender. Brian and Rebecca Gantt, while also applying for a foster care license renewal, reportedly explained to DCF that they would love any child regardless of how the child identified but could not use pronouns inconsistent with the child's birth gender, or take the child to pride parades, due to their Christian faith. DCF revoked each couple's foster care license.

Defendants move to consolidate this case with one brought by Melinda Antonucci and Casey Mathieu. *See Antonucci v. Winters et al.*, Case No. 2:24-cv-783 ("*Antonucci*"). In that case, Antonucci and her husband claim that although they agreed to accept any foster child, their religious beliefs barred them from agreeing to assist with a potential child's gender-affirming social and medical transitioning. They claim that DCF has adopted a *de facto* policy requiring foster families to

2

commit, prior to any foster placement, to facilitating the social and medical transitioning of transgender-identifying children, and that their license revocations were prompted by Melinda Antonucci's activity on Facebook.

In the instant case, Plaintiffs are asserting two causes of action under the First Amendment alleging free speech, free association and free exercise violations, and two causes of action under the Fourteenth Amendment alleging due process and equal protection violations, respectively.  Plaintiffs have also moved to amend the Complaint to add a claim that they were retaliated against for expressing their religion-based objections.  In *Antonucci*, the Verified Complaint asserts causes of action for retaliation; compelled speech and viewpoint discrimination; violation of plaintiffs' free exercise rights; and violation of plaintiffs' equal protection rights. Plaintiffs in both cases have filed motions for preliminary injunctions.  The Defendants in the two cases are the same.  In *Antonucci*, Defendants have filed a motion to dismiss asserting official capacity immunity; lack of personal involvement; qualified immunity; and failure to state a plausible retaliation claim.  Here, Defendants have not moved to dismiss.

## Discussion

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or

3

fact, the court may ... consolidate the actions." Fed. R. Civ. P. 42(a). A district court "has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). "A party moving for consolidation 'must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation.'" *R.W. Grand Lodge of Free & Accepted Masons of Pennsylvania v. Meridian Capital Partners, Inc.*, 634 F. App'x 4, 6 (2d Cir. 2015) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)).

    The two cases at issue undoubtedly share some questions of law and fact. There are also important differences. Both complaints assert violations of First Amendment rights. Plaintiffs note, however, that the claims in the two cases center on different regulations. The Antonuccis allege retaliation based upon Facebook activity. The *Wuoti* plaintiffs seek leave to amend to add a broader retaliation claim. The *Wuoti* Complaint asserts a due process claim under the Fourteenth Amendment; the Antonuccis' Verified Complaint does not. The *Wuoti* plaintiffs seek only equitable relief; the Antonuccis are also pursuing damages.

In general, the Antonuccis' claims are relatively narrow, with care of a transitioning child being the primary concern. The *Wuoti* plaintiffs' objections are broader, relating to same-sex romantic behavior, attending pride parades, and/or using desired pronouns. Moreover, the motion to dismiss in *Antonucci* asserts a qualified immunity defense, which could lead to an immediate appeal. *See, e.g., Lennon v. Miller*, 66 F.3d 416, 422 (2d Cir. 1995) (stating that the Court of Appeals may review interlocutory orders in qualified immunity cases).

If the cases are consolidated, these differences may result in prejudice to the Plaintiffs, confusion at trial, and general inefficiencies. The parties inform the Court that they have already agreed to follow the same discovery schedule. If the cases are consolidated, however, all plaintiffs would need to share the time allotted for depositions under Rule 30. Given the different sets of facts underlying the various claims, such a limitation could hinder Plaintiffs' efforts to obtain meaningful testimony on all relevant topics.

Furthermore, the alleged retaliation after Melinda Antonucci's Facebook activity will be a focal point in that case. The instant case does not involve the use of social media. As noted above, some of the regulations at issue in the two cases also reportedly differ. At trial, the question of damages (though nominal) would apply only to the *Antonucci*

5

plaintiffs, thus potentially resulting in the presentation of evidence that has nothing to do with the instant Plaintiffs' claims.

Defendants argue that much of the discovery in the two cases will be duplicative. The Court finds that providing duplicate discovery in two similar cases presents only a minimal burden for the producing party, since the bulk of the work comes in collecting, not sending, the requested information. Defendants also submit that the factual premise of each case is the same: that "none of the plaintiffs demonstrated the ability to support an LGBTQ child in a manner consistent with DCF's requirements." ECF No. 47 at 3. Defendants are correct. Nonetheless, the differences in the underlying facts, the claims brought, and the defenses raised render consolidation inappropriate at this time.

## Conclusion

For the reasons set forth above, Defendants' motion to consolidate (ECF No. 39) is denied.

DATED at Burlington, in the District of Vermont, this 20th day of February 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge