```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

BRIAN WUOTI; KAITLYN WUOTI;      )
MICHAEL GANTT; and REBECCA       )
GANTT,                           )
                                 )
     Plaintiffs,                 )
                                 )
          v.                     )    Case No. 2:24-cv-614
                                 )
CHRISTOPHER WINTERS, in his      )
official capacity as             )
Commissioner of the Vermont      )
Department for Children and      )
Families, ARYKA RADKE in her     )
Official capacity as Deputy      )
Commissioner of the Family       )
Services Division, and           )
STACEY EDMUNDS, in her           )
official capacity as Director    )
of Residential Licensing and     )
Special Investigations,          )
                                 )
     Defendants.                 )
```

## OPINION AND ORDER

Plaintiffs Brian Wuoti, Kaitlyn Wuoti, Michael Gantt, and Rebecca Gantt ("Plaintiffs") bring this action claiming violations of their constitutional rights. Pending before the Court is Plaintiffs' motion to amend their Complaint to add a retaliation claim. For the reasons set forth below, the motion to amend (ECF No. 48) is granted.

## Background

This case centers on Plaintiffs' objections to certain Vermont Department for Children and Families ("DCF") policies

relating to the care of LGBTQ foster children.  Plaintiffs submit that those policies are inconsistent with their Christian beliefs, and that it was unlawful to deny them foster care licenses based on their objections.  The Complaint pleads four causes of action.  Counts I and II assert free speech, free association, and free exercise claims under the First Amendment.  Count III alleges violations of the Due Process Clause.  Count IV claims equal protection violations.  The Complaint requests declaratory and injunctive relief.

Plaintiffs now move to amend the Complaint to add language to Counts I and II such that those causes of action each include retaliation claims.  The substance of the proposed claims is that Defendants revoked Plaintiffs' foster care licenses after Plaintiffs posed their objections, that those objections constituted protected speech, and that Defendants' actions were retaliatory.  The proposed Amended Complaint asserts no new facts and no new causes of action.  Defendants oppose the motion to amend, arguing that a retaliation claim would be futile.

## Discussion

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  While the rule is quite liberal, "it is within the sound discretion of the court whether to grant leave to amend."

2

*John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). "The party opposing a motion to amend typically bears the burden of establishing that the amendment should be denied." *Pickett v. Migos Touring, Inc.*, 330 F.R.D. 140, 142 (S.D.N.Y. 2019).

"[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In evaluating the proposed complaint, the Court must 'construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor.'" *Singh v. Deloitte LLP*, 123 F.4th 88, 93 (2d Cir. 2024) (quoting *Sacerdote v. New York Univ.*, 9 F.4th 95, 106-07 (2d Cir. 2021)).

"To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment;

3

(2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). Defendants argue that Plaintiffs cannot satisfy these elements, in part because Plaintiffs objected to DCF policies and Defendants were merely enforcing those policies. Defendants submit that, as a result, Plaintiffs cannot allege retaliatory intent. In a related argument, Defendants contend that a retaliation claim would be futile because the Complaint identifies non-retaliatory reasons for Plaintiffs' license denials.

Construing the proposed claims liberally and drawing the required reasonable inferences in Plaintiffs' favor, the Court finds that their retaliation claim is plausible. While Defendants were undoubtedly applying DCF policies, that does not necessarily rule out retaliatory intent. Plaintiffs allegedly made clear that their objections were based on their religious beliefs and lost their foster care licenses thereafter. "The ultimate question of retaliation involves a defendant's motive and intent, which are difficult to plead with specificity in a complaint." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 195 (2d Cir. 1994). Given the low bar for plausibility, and based upon the facts alleged in the Complaint, Plaintiffs may assert a claim that they were retaliated against on the basis of their

4

beliefs. *See id.* at 195 (holding that plaintiffs only need to allege "facts from which retaliatory intent on the part of the defendants reasonably may be inferred").

In addition to questioning the plausibility of retaliatory intent, Defendants submit that it is unclear what conduct would have given rise to retaliation. Giving the proposed Amended Complaint the necessary liberal reading, however, the Court finds it plausible that the same conduct underlying Plaintiffs' other First Amendment claims also formed the basis for the alleged retaliation. Again, Plaintiffs expressed objections based on their religious beliefs and lost their licenses soon thereafter.

With respect to Defendants' argument that Plaintiffs were merely engaged in "private conversations" with DCF employees, and that religious speech in that context is not protected, Defendants' case support is unpersuasive. Defendants rely on *Sousa v. Roque*, 578 F.3d 164, 174 (2d Cir. 2009), which pertained to speech on private matters in the context of public employment. The Plaintiffs in this case are not public employees. *See United States v. Peneaux*, 432 F.3d 882, 896 (8th Cir. 2005) ("[F]oster parents are generally not considered agents of the state."); *Leshko v. Servis*, 423 F.3d 337, 341 (3d Cir. 2005) (holding that a foster parent was not a state actor). Moreover, they were expressing concerns based on their religious

5

beliefs in the context of a licensing process.  *Sousa* is not analogous.

Defendants' final argument is that Plaintiffs are essentially attacking the state-level adjudication of their licenses, and that their retaliation claims are therefore barred under the *Rooker-Feldman* doctrine.  The Supreme Court has held that even though a "state-court decision is not reviewable by lower federal courts," a "statute or rule governing the decision may be challenged in a federal action."  *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).  The Supreme Court has also noted that "[t]he doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency."  *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland,* 535 U.S. 635, 644, n.3 (2002).  This exception applies "even where the administrative agency acted in an adjudicative capacity ... or where the plaintiff could have sought, but did not seek, review of the agency's determination in a state court."  *Mitchell v. Fishbein*, 377 F.3d 157, 165 (2d Cir. 2004) (citations omitted).  Accordingly, the Court finds at this time that *Rooker-Feldman* does not bar amendment of the Complaint.

## Conclusion

For the reasons set forth above, Plaintiffs' motion to amend the Complaint (ECF No. 48) is granted.

DATED at Burlington, in the District of Vermont, this 20th day of February 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
District Court Judge